### E. R. BRALEY ·V. JAS. W. BAILEY.

(No. ——, Op. Book No. 2, p. 384.)

APPEAL from Gonzales County.   Opinion by HURT, J.

§ 790. *Distress warrant; petition in case of, must be filed on or before appearance day.* Appellee sued out a distress warrant for rent against appellant, September 3, 1878. The writ was made returnable to the county court · on the first Monday in November, 1878, that being the 4th day of the month and the day on which began a regular term of the county court for civil business. Appellee filed his petition in the case on Saturday, the 9th day of November, 1878. Appellant moved to quash the

proceedings and dismiss the suit, because the petition was filed too late.     *Held*, article 3120 of the Revised Statutes provides that "When the warrant is made returnable to the district or county court, the plaintiff shall not be obliged to file his petition before suing out said warrant, but may file the same on or before the appearance day of the term of the court to which said papers are returnable." This article is an exception to the general rule that all civil suits in the district or county courts shall be commenced by petition filed, etc.     In attachment and sequestration cases, if in the district or county courts, the petition must be filed,—the suit begun before the writ can legally be issued.     The remedy to the landlord by distress warrant is speedy, effectual and harsh.     When he seeks to avail himself of it, he must strictly comply with every requirement of the law upon which his right to it depends.     The provision of the statute which requires that he shall file his petition on or before the appearance day of the court to which the writ has been returned, is unconditional and imperative, and must be strictly complied with.     This requirement of the law is not affected by the want of service of citation upon the defendant.     The plaintiff must file his petition within the time prescribed, whether the defendant has been served with citation or not.     The court erred in not sustaining the motion of appellant to quash the distress warrant.

March 16, 1881.                    Reversed and remanded.